IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of D.S., A.C., and D.C., persons under eighteen years of age.<br><br>_____ | ) ) ) ) ) | PER CURIAM DECISION<br><br>Case No. 20120188-CA |
| A.H.,<br><br>     Appellant,<br><br>v.<br><br>State of Utah,<br><br>     Appellee. | ) ) ) ) ) ) ) ) ) ) | F I L E D<br>(May 24, 2012)<br><br>2012 UT App 150 |

-----

Third District Juvenile, Salt Lake Department, 526108
The Honorable Andrew A. Valdez

Attorneys:    Brent Salazar-Hall, Salt Lake City, for Appellant
              Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
              Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Voros, and Orme.

¶1    A.H. (Mother) appeals the termination of her parental rights in D.S., A.C., and D.C. We affirm.

¶2    Mother asserts that there was insufficient evidence to terminate her parental rights. In order to overturn the juvenile court's determinations regarding the sufficiency of the evidence, "[t]he result must be against the clear weight of the

evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, to render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188.

¶3 Mother asserts that there was insufficient evidence to support the juvenile court's determination that Mother neglected or abused her child; that she was an unfit or incompetent parent; and that she had substantially neglected, willfully refused, or had been unable or unwilling to remedy the circumstances that caused the children to be in an out-of-home placement. Mother also asserts that there was insufficient evidence to support the juvenile court's determination that Mother experienced a failure of parental adjustment by remaining unable or unwilling to substantially correct the conduct that led to the removal of her children.

¶4 The juvenile court determined that Mother had neglected or abused her children, and that she was an unfit or incompetent parent. Although the juvenile court determined that there were additional grounds warranting the termination of Mother's parental rights, pursuant to section 78A-6-507(1), the finding of neglect or that a parent is unfit or incompetent is alone sufficient to support the juvenile court's decision to terminate Mother's parental rights, so long as the juvenile court also determines that doing so is in the child's best interest. *See* Utah Code Ann. § 78A-6-507(1); *id*. § 78A-6-506(3).

¶5 Mother's extensive history of drug abuse prevented her from properly caring for her children. The record supports the juvenile court's determination that Mother was an unfit parent, or alternatively, that she had neglected her children. Despite being given several opportunities to become an appropriate parent, Mother repeatedly placed her drug abuse before her children's needs. Mother was ordered to undergo drug testing, but she failed to do so. Mother also knew that reunification services were contingent upon her entering residential drug treatment. Mother failed to comply with the court's requirement to obtain drug treatment. Thus, the juvenile court terminated reunification services. Mother's prioritization of her drug use over her children's needs subjected the children to neglect for a substantial portion of their lives. Mother fails to demonstrate that the juvenile court's determination that she was an unfit parent or that she neglected her children is against the clear weight of the evidence.

¶6     Mother next asserts that there was insufficient evidence to support the juvenile court's determination that it was in her children's best interests to terminate Mother's parental rights in light of Mother's love of her children and her willingness to become a better parent. If there are sufficient grounds to terminate parental rights, in order to actually do so, "the court must [next] find that the best interests and welfare of the child are served by terminating the parents' parental rights." *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118; *see also* Utah Code Ann. § 78A-6-506(3). Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶7     The juvenile court determined that Mother's drug abuse subjected the children to prolonged neglect and instability. Mother testified that she loves her children and that she is dedicated to changing her behavior. However, Mother could not say when she would be capable of being an appropriate parent. The juvenile court determined that Mother had subjected the children to a neglectful environment for their entire lives. Conversely, the children are currently residing in a legal risk placement where they have bonded with their foster parents, and they are protected from abuse and neglect. The children are overcoming their issues stemming from their prior neglect. The foster parents love the children and wish to adopt them, and the children have bonded with their foster family. Mother fails to demonstrate that the juvenile court's determination that it is in the children's best interests to terminate Mother's parental rights is against the clear weight of the evidence.

¶8     Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge